*937 OPINION.
Milliken:
Petitioner contends that the $50,000 paid in 1917 to the Gould Coal Washing & Mining Co. for the cancellation of the balance of the 25-year lease entered into in 1912, was an ordinary and necessary business expense and as such, is a proper deduction from gross income for the year 1917.
In 1912, petitioner had leased its mine for a period of 25 years. In 1917, an offer was received for the mine from a third party. It was obviously necessary, in order to consummate the sale for the petitioner to have the right to possession of the mine, and to accomplish the same petitioner purchased the cancellation of the lease for the sum of $50,000, and thereupon sold the property for the sum of $190,000.
*938 In the absence of any facts to the contrary, we must presume that petitioner sold two things for the sum of $190,000 — the title to the real estate and the right of immediate possession. To determine whether a gain or loss resulted from such sale, it is necessary to know the basis of cost for the two things sold. We know as,a fact what the cost was to petitioner of the real estate sold and the cost to it of the right to the sale of immediate possession of the property theretofore encumbered by a lease.
Counsel for petitioner has directed our attention to certain decisions in support of his contention. They relate, however, to situations where the lease of a tenant was purchased by the lessor in order that the lessor might acquire immediate possession of his property for his own use, and the cost of extinguishment of the lease was allowed as a business expense. The distinction in the case at bar is obvious. Petitioner bought and paid for the right of possession of his property in order to sell it, and did sell the very thing purchased. We find no error in the determination of the respondent.

Judgment will be entered for the resfondent.